UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Terrance Dwayne Winborn,                    Civil No. 22-cv-01811 (KMM-ECW)

        Plaintiff,

vs.

Debra Schneider, acting in her individual capacity
as medical staff in the Scott County Jail;
and Scott County,

        Defendants.

---

## SCOTT COUNTY DEFENDANTS' ANSWER

---

COME NOW Defendants Scott County and Debra Schneider (collectively "Scott County Defendants"), for their Answer to Plaintiff's Complaint, state and allege as follows:

1.    Unless hereafter admitted, qualified or otherwise answered, these answering parties deny each and every thing, matter and particular alleged in Plaintiff's Complaint.

2.    With respect to paragraphs 1 through 5, these answering parties deny these allegations and put Plaintiff to his strict burden of proof.

3. With respect to paragraph 6, these answering parties specifically deny Plaintiff has stated a cognizable claim for relief under 42 U.S.C. §§ 1983 or 1988 and, further, deny Plaintiff sustained any deprivation of rights under the Eighth and Fourteenth Amendments or any other state or federal statutory or constitutional injuries as alleged in Plaintiff's Complaint and, therefore, these answering parties deny jurisdiction of this Court.

4. With respect to paragraphs 7 and 8, these answering parties admit the events at issue occurred in this District, and admit generally federal questions should be resolved in federal court; however, the incident involving Plaintiff did not rise to the level of a constitutional deprivation and, therefore, these answering parties deny jurisdiction of this Court.

5. With respect to paragraph 9, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiff to his strict burden of proof.

6. With respect to paragraphs 10 through 14, these answering parties admit these allegations.

7. With respect to paragraph 15, these answering parties deny these allegations and put Plaintiff to his strict burden of proof.

8. With respect to paragraphs 16 and 17, these answering parties admit these allegations.

9. With respect to paragraph 18, these answering parties admit Plaintiff denied any flu or cold-like symptoms, and submit Plaintiff did not complain of any medical issues but he was to be monitored for COVID-19 symptoms pursuant to the recommendations from the CDC and MDH for congregate living facilities.

10. With respect to paragraphs 19 through 22, these answering parties deny these allegations and put Plaintiff to his strict burden of proof and submit timely welfare checks were completed and recorded and Plaintiff's medical care was fully and properly documented.

11. With respect to paragraphs 23 through 26, these answering parties submit these paragraphs set forth conclusions of law, and no such response is necessary. To the extent an answer is required, these answering parties deny the allegations in these paragraphs and put Plaintiff to his strict burden of proof.

12. With respect to paragraphs 27 and 28, these answering parties deny and put Plaintiff to his strict burden of proof.

13. With respect to paragraph 29, these answering parties admit to the notes reflected in the Shift Report from 2200 on August 26, 2020 to 0800 on August 27, 2020; however, these answering parties specifically deny an inference or characterization of the same and put Plaintiff to his strict burden of proof.

14. With respect to paragraph 30, these answering parties deny these allegations and put Plaintiff to his strict burden of proof.

15. With respect to paragraphs 31 through 33, these answering parties admit the jail records note Plaintiff "vomited a couple times in the toilet" and "vomited again several time[s] in into the toilet", and admit the record reflects "KB241;" however, these answering parties specifically deny an inference or characterization of the same and put Plaintiff to his strict burden of proof.

16. With respect to paragraphs 34 through 37, these answering parties deny these allegations and put Plaintiff to his strict burden of proof.

17. With respect to paragraphs 38 through 41, these answering parties submit to the accuracy of the medical records and communications related to these paragraphs, and specifically deny any inferences or characterizations of their content and put Plaintiff to his strict burden of proof.

18. With respect to paragraph 42, these answering parties deny improperly ordering a prescription and submit the order to continue a current medication was entered into the computer pursuant to policy.

19. With respect to paragraph 43, these answering parties submit well-being checks were conducted and deny the allegations Plaintiff's condition was rapidly worsening and put Plaintiff to his strict burden of proof.

20. With respect to paragraph 44, these answering parties admit Nurse Schneider saw Plaintiff for an assessment at approximately 10:00 a.m. on August

28. These answering parties deny the remaining allegations and put Plaintiff to his strict burden of proof.

21.  With respect to paragraph 45, these answering parties deny these allegations and put Plaintiff to his strict burden of proof.

22.  With respect to paragraphs 46 through 49, these answering parties admit to the contents of the notes contained in the Encounter Summary Report dated August 28, 2020, but specifically deny any inferences or characterizations of the same, and put Plaintiff to his strict burden of proof.

23.  With respect to paragraphs 50 through 53, these answering parties deny these allegations and put Plaintiff to his strict burden of proof.

24.  With respect to paragraph 54, these answering parties admit these allegations.

25.  With respect to paragraph 55, these answering parties deny these allegations and put Plaintiff to his strict burden of proof.

26.  With respect to paragraph 56, these answering parties admit to the contents of the notes contained in the Encounter Summary Report dated August 28, 2020, but specifically deny any inferences or characterizations of the same, and put Plaintiff to his strict burden of proof.

27. With respect to paragraphs 57 and 58, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiff to his strict burden of proof.

28. With respect to paragraph 59, these answering parties deny these allegations and put Plaintiff to his strict burden of proof.

29. With respect to paragraphs 60 and 61, these answering parties admit to the contents of the notes contained in the Encounter Summary Report dated August 28, 2020, but specifically deny any inferences or characterizations of the same, and put Plaintiff to his strict burden of proof.

30. With respect to paragraph 62, these answering parties deny these allegations and put Plaintiff to his strict burden of proof.

31. With respect to paragraph 63, these answering parties admit to the contents of the notes contained in the Encounter Summary Report dated August 28, 2020, but specifically deny any inferences or characterizations of the same, and put Plaintiff to his strict burden of proof.

32. With respect to paragraphs 64 and 65, these answering parties admit these allegations.

33. With respect to paragraph 66, these answering parties deny these allegations and put Plaintiff to his strict burden of proof.

34. With respect to paragraph 67, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiff to his strict burden of proof.

35. With respect to paragraphs 68 through 74, these answering parties deny these allegations and put Plaintiff to his strict burden of proof.

36. With respect to paragraph 75, these answering parties submit Nurse Schneider requested Plaintiff remain in booking, and specifically deny the remaining allegations and put Plaintiff to his strict burden of proof.

37. With respect to paragraphs 76 through 80, these answering parties deny these allegations and put Plaintiff to his strict burden of proof.

38. With respect to paragraphs 81 through 83, these answering parties submit these paragraphs set forth conclusions of law, and no such response is necessary. To the extent these paragraphs reference the Minnesota Administrative Rules, the Rules speak for themselves. To the extent an answer is required, these answering parties deny the allegations in these paragraphs and put Plaintiff to his strict burden of proof.

39. With respect to paragraphs 84 through 88, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiff to his strict burden of proof.

40. With respect to paragraphs 89 through 95, these answering parties deny these allegations and put Plaintiff to his strict burden of proof.

41. With respect to paragraphs 96 and 97, these answering parties are without sufficient information to admit or deny, and therefore, deny and put Plaintiff to his strict burden of proof.

42. With respect to paragraph 98, these answering parties deny these allegations and put Plaintiff to his strict burden of proof.

43. With respect to paragraphs 99 through 101, these answering parties admit to the contents of the notes contained in the Encounter Summary Report dated August 28, 2020, and specifically deny any inferences or characterizations of the same, and put Plaintiff to his strict burden of proof.

44. With respect to paragraphs 102 and 103, these answering parties deny these allegations and put Plaintiff to his strict burden of proof.

45. With respect to paragraphs 104 through 106, these answering parties admit to the contents of the Encounter Summary Report dated August 28, 2020, but specifically deny any inferences or characterizations of the same. These answering parties specifically deny Plaintiff was not sent "emergently" and further deny attendant costs were considered, and therefore put Plaintiff to his strict burden of proof.

46. With respect to paragraphs 107 through 109, these answering parties are without sufficient information to admit or deny, and therefore, deny and put Plaintiff to his strict burden of proof.

47. With respect to paragraph 110, these answering parties admit to the contents of the Jail's Shift Report, and specifically deny any inferences or characterizations of the same, and put Plaintiff to his strict burden of proof.

48. With respect to paragraph 111, these answering parties deny these allegations and put Plaintiff to his strict burden of proof.

49. With respect to paragraphs 112 and 113, these answering parties are without sufficient information to admit or deny, and therefore, deny and put Plaintiff to his strict burden of proof.

50. With respect to paragraph 114, these answering parties deny these allegations and put Plaintiff to his strict burden of proof.

51. With respect to paragraphs 115 through 141, these answering parties are without sufficient information to admit or deny, and therefore, deny and put Plaintiff to his strict burden of proof.

52. With respect to paragraph 142, these answering parties deny these allegations and put Plaintiff to his strict burden of proof.

53. With respect to paragraphs 143 through 187, these answering parties are without sufficient information to admit or deny, and therefore, deny and put Plaintiff to his strict burden of proof.

54. With respect to paragraph 188, these answering parties deny these allegations and put Plaintiff to his strict burden of proof.

55. With respect to Count One, paragraphs 189 through 198 of Plaintiff's Complaint, these answering parties specifically deny Nurse Schneider violated Plaintiff's Eighth and Fourteenth Amendment rights, specifically deny Plaintiff had an objectively serious medical need, specifically deny having awareness of Plaintiff's medical needs, and specifically deny acting with deliberate indifference.

56. With respect to Count Two, paragraphs 199 through 202 of Plaintiff's Complaint, these answering parties specifically deny any deliberate indifference to the constitutional rights of inmates, specifically deny the existence of a custom, pattern, and practice on the part of Jail medical, including Nurse Schneider, of failing to provide for the safety and general well-being of inmates, specifically deny failing to care for inmates suffering from obvious and serious medical needs, and specifically deny failing to seek necessary medical care for inmates in order to cut costs. These answering parties affirmatively allege Plaintiff has failed to properly plead a claim for municipal liability in Plaintiff's Complaint.

57.     With respect to Count Three, paragraphs 203 through 207 of Plaintiff's Complaint, these answering parties specifically deny failing to properly train jail medical staff, specifically deny failing to adopt, implement, or require adherence to appropriate policies to provide timeline and appropriate care for inmates with serious medical needs. These answering parties specifically deny deliberate indifference or failure to care for the safety of Plaintiff. These answering parties specifically deny allowing Plaintiff's condition to fester and specifically deny violating Plaintiff's constitutional rights. These answering parties specifically deny Plaintiff's alleged medical issues were caused by Scott County's customs, patterns, and/or practices.

58.     With respect to Plaintiff's Prayer for Relief, these answering parties deny Plaintiff is entitled to any relief in this action. The Court should deny Plaintiff's requested relief and award Defendants applicable costs, disbursements, and reasonable attorney's fees.

59.     These answering parties deny punitive damages are actionable or available for this incident.

60.     These answering parties affirmatively allege Plaintiff's own negligence, acts, or omissions caused or contributed to Plaintiff's damages.

61.     These answering parties affirmatively allege Plaintiff's injuries and damages were due to and caused by third persons over whom this answering

11

party has no control and for whose conduct this answering party is not responsible or liable.

62. These answering parties affirmatively allege at all times material hereto all Scott County employees were performing discretionary acts in the scope of their duties with a good faith belief their conduct was lawful, constitutional, and proper.

63. These answering parties affirmatively allege at all times material hereto Nurse Schneider was acting in her official capacity as a Scott County employee.

64. These answering parties affirmatively allege Nurse Schneider possessed and used a constitutionally sufficient degree of skill and care with Plaintiff.

65. These answering parties affirmatively allege Plaintiff's claims are barred by the legal doctrines of qualified, statutory, and official immunity.

66. These answering parties affirmatively allege Plaintiff's Complaint fails to state a cause of action for claims upon which relief can be granted.

67. These answering parties specifically deny Plaintiff has set forth a proper claim against Scott County and, further, deny Scott County has a custom, policy, or practice which would violate an individual's constitutional rights.

68. These answering parties affirmatively allege Plaintiff's damages, if any, are the result of intervening or superseding events or causes, or resulted from a natural disease process, or other force of nature, and were not proximately caused by Scott County Defendants.

69. These answering parties join Plaintiff's request for a jury trial.

WHEREFORE, these answering parties pray Plaintiff take nothing by this claim for relief herein; that these answering parties be given judgment against Plaintiff, dismissing Plaintiff's cause of action with prejudice; that these answering parties be given judgment for costs, disbursements and attorney's fees herein pursuant to 42 U.S.C. § 1988 and for such other relief as the Court may deem just and equitable.

Dated: August 18, 2022

s/Jason M. Hiveley
Jason M. Hiveley, #311546
Julia C. Kelly, #392424
Aaron M. Bostrom, #401773
IVERSON REUVERS
9321 Ensign Avenue South
Bloomington, MN  55438
(952) 548-7200
jasonh@iversonlaw.com
julia@iversonlaw.com
aaron@iversonlaw.com

*Attorneys for Defendants Scott County and Debra Schneider*